[No. F009552. Fifth Dist. Apr. 26, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
PAUL RENE MIRON, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

\* Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the Facts, and parts I, III, and IV.

**COUNSEL**

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Roger E. Venturi and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—A jury convicted Paul Rene Miron of assault with a firearm (Pen. Code, § 245, subd. (a)(2)),[1] during the commission of which he personally used a firearm (§ 12022.5) and inflicted great bodily injury (§ 12022.7). Following a bifurcated court trial, he was found to have suffered a prior serious felony conviction (§§ 1192.7, subd. (c); 667) and to have served a prior prison term (§ 667.5, subd. (b)). He was sentenced to prison for a total of 13 years.[2] He now alleges instructional error, erroneous exclusion of evidence, evidentiary insufficiency, and sentencing error. We affirm.

## FACTS†

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## DISCUSSION

### I†

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## II

### *Exclusion of Eva Miron's Extrajudicial Statement*

Defense counsel proposed to call as a witness Miguel Hernandez, an attorney and former employer of Eva Miron, to testify to statements made to him by Eva shortly after the shooting occurred. Out of the presence of the jury, Hernandez testified that he phoned Eva on the date in question. A child answered, then Eva came on the line. Hernandez testified: "First of all, she wasn't much better than the child. She was screaming and I had to hold the phone away from me and she said that guy tried to kill us, he busted in, he went past me, he busted in and Paul shot him. And then she had started breaking down crying, say[ing] Paul shot him and I tried to

---

\* Before Martin, Acting P. J., Best, J., and Ardaiz, J.

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Miron received the four-year upper base term for the assault, plus consecutive terms of three years for the section 12022.7 enhancement, five years for the section 667 enhancement, and one year for the section 667.5, subdivision (b) enhancement. The section 12022.5 enhancement was stricken.

† See footnote, *ante,* page 580.

calm her down and she kept repeating the same thing over again, 'This man was trying to kill us,' basically."

The trial court admitted all of the statement except for the portion about the man trying to kill them. It determined that Eva could testify to what, if anything, she observed, and it noted it was her observations and not her conclusions that were germane. As a result, Hernandez testified as to all of Eva's statement except for the excluded portion, and Eva subsequently also testified.

■ Miron now contends that the trial court erred in excluding any of Eva's statement as testified to by Hernandez, since the entire statement constituted a spontaneous statement and was thus admissible under Evidence Code section 1240.[8] As the proponent of the statement, Miron had the burden of establishing its admissibility. (Evid. Code, § 405; 1 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Spontaneous and Contemporaneous Statements, § 13.1, pp. 370-371.) ■ The trial court had discretion in determining whether this burden was met, and its ruling will not be disturbed unless its discretion was abused. (*People* v. *Fain* (1959) 174 Cal.App.2d 856, 860-861 [345 P.2d 305]; 1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 720, p. 702.)

■ We find no error. It is apparent that the trial court excluded Eva's statement about Louis trying to kill them because it was improper opinion evidence. Such evidence would have been excludable on that ground had it come from Eva during her testimony, since a lay witness's opinion is not generally admissible unless it is rationally based on the witness's perception *and* helpful to a clear understanding of his or her testimony. (Evid. Code, § 800.) ■ Thus, "[a] lay witness may testify in the form of an opinion only when he cannot adequately describe his observations without using opinion wording. [Citation.]" (*People* v. *Sergill* (1982) 138 Cal.App.3d 34, 40 [187 Cal.Rptr. 497]; see 2 Jefferson, Cal. Evidence Benchbook (2d ed. 1982) Expert and Lay Opinion Testimony, § 29.1, p. 976.) Where the witness *can* adequately describe his observations, his opinion or conclusion is inadmissible because it is not helpful to a clear understanding of his testimony. (*People* v. *Sergill, supra,* 138 Cal.App.3d at p. 40.)

■ In the instant case, Eva was able to adequately describe her observations. Hence, her conclusion that Louis was trying to kill them, an opinion regarding the intent or motive of someone other than herself (see 1

---

[8] Evidence Code section 1240 provides: "Evidence of a statement is not made inadmissible by the hearsay rule if the statement: [¶] (a) Purports to narrate, describe, or explain an act, condition, or event perceived by the declarant; and [¶] (b) Was made spontaneously while the declarant was under the stress of excitement caused by such perception."

Witkin, Cal. Evidence (3d ed. 1986) The Opinion Rule, § 454, p. 429), would have been excludable had it been expressed during her testimony. It was no more admissible because it was expressed by Hernandez: the spontaneous statement exception to the hearsay rule cannot be used to bootstrap admissibility. The opinion rule excludes admission of a spontaneous statement of inadmissible opinion (1 Jefferson, Cal. Evidence Benchbook, *supra,* Spontaneous and Contemporaneous Statements, § 13.1, p. 370), and such opinions or conclusions should be excluded even where the statement as a whole meets the requirements of Evidence Code section 1240 (see *Catlin* v. *Union Oil Co.* (1916) 31 Cal.App. 597, 610 [161 P. 29]; see also, Annot. (1946) 163 A.L.R. 186-188.)

Miron relies on *People* v. *Farmer* (1989) 47 Cal.3d 888 [254 Cal.Rptr. 508, 765 P.2d 940]. In that case, the Supreme Court found that the trial court properly admitted into evidence the victim's statement that he thought his assailant entered the apartment to steal his roommate's drugs. The court notes: "[T]he statements regarding drug dealing, while they do not describe the attack, do help to explain an event perceived by the declarant and are, therefore, admissible." (*Id.* at p. 905.) However, the court did not discuss the relationship of opinion testimony to the spontaneous statement rule, nor did it discuss any of the authorities cited by us in this section of our opinion. Under these circumstances, we conclude that *Farmer* did not change the rule that opinion testimony may properly be excluded even where the rest of the statement meets the requirements of Evidence Code section 1240.

### III, IV*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

The judgment is affirmed.

Appellant's petition for review by the Supreme Court was denied July 26, 1989.

---

*See footnote, *ante,* page 580.